MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorney for Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

|  |  |
|---|---|
| IN RE | BK-N- 20-50686-BTB<br>CHAPTER 7<br>Hearing Date:_____<br>and Time:_____ |
| PETER PAUL ADAMCO, | Mtn No. _____<br>Est Time: 5 Minutes |
| Debtor(s).<br>_____/ | OBJECTION TO DEBTOR'S HOMESTEAD<br>EXEMPTION |

Chapter 7 Trustee, W. Donald Gieseke, by and through undersigned counsel files the following objection to the homestead exemption claimed in the real property located at 940 Miners Ridge Court #1, Incline Village, Nevada 89450.

## 1.    Background

The Debtor was married to Holly Yocum. On April 12, 2019 the Family Court entered a decree of divorce between the parties. The decree incorporated a settlement agreement. One of the community property assets was the Miners Ridge Court property. The Settlement Agreement provided that:

> **b. Property to Wife.** Wife shall receive the following assets and assume the following liabilities: 1. The real property commonly known as 940 Miners Ridge Court 1,

1

Incline Village, Nevada, and all liabilities and obligations thereto. The parties agree that as soon as she is able to qualify, Wife shall refinance the mortgage obligation into her sole and separate obligation, and at that time, she shall pay to Husband the sum of $15,000, representing his monetary interests in the property. Husband shall immediately sign a quitclaim deed transferring his ownership interests in the residence to Wife, which shall be held by Wife's counsel and not recorded until such time as Wife's refinance removes Husband from the mortgage obligation. The quitclaim deed may also be immediately recorded should Wife sell the residence to remove Husband from the mortgage obligation.

Counsel has a file stamped copy of the decree of divorce with the attached settlement agreement. This document will not be attached to this motion, but counsel will have it available when this matter is heard in Court.

Wells Fargo has the first on this property. In the Debtor's statement of intention the Debtor acknowledges that this property has been transferred although the Debtor is still on the title. A copy of this Statement of Intent has been attached as Exhibit "1".

2.    **Argument**

An exemption is provided only for the benefit of the debtor. If the exempt property is transferred, the debtor has in essence waived the exemption, and the transferee cannot avail herself of the exemption in a subsequent avoidance action. *In re Noblit*, 72 F.3d 757, 758 (9th Cir. 1995). See also *In re Trujillo*, 215 B.R. 200, 205 (B.A.P. 9th Cir. 1997), *aff'd*, 166 F.3d 1218 (9th Cir. 1998), *as amended* (Feb. 4, 1999), citing in re Noblit, supra, and adding that transferred property was never exempt property within the meaning of either the Fraudulent Transfer Act or the Code.

2

In this case, the bankruptcy was filed on July 14, 2020. 11 U.S.C. §541(d) says that where the debtor holds only legal title and not an equitable interest when the petition is filed, the legal interest comes into the estate, but not to the extent of any equitable interest in such property that the debtor does not hold

In this case, the debtor transferred his legal interest in the Miners Ridge property before the bankruptcy was filed. The fact that he remained on title is not relevant. His equitable interest did not enter the estate, making this objection to his homestead exemption proper. For that reason, the Trustee respectfully requests that his objection be sustained.

Dated: This _____21_____ day of _____September_____, 2020

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

3

## Exhibit  List


Exhibit  1            Debtor's  Statement  of  Intention

# Exhibit  1

# Exhibit  1

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **PETER PAUL ADAMCO** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEVADA | | |
| Case number (if known) | _____ | | |

☐ Check if this is an amended filing

## Official Form 108
## Statement of Intention for Individuals Filing Under Chapter 7    12/15

If you are an individual filing under chapter 7, you must fill out this form if:
■ creditors have claims secured by your property, or
■ you have leased personal property and the lease has not expired.
You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

---

**Part 1:    List Your Creditors Who Have Secured Claims**

1. For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Wells Fargo Home Mor** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>■ Retain the property and [explain]: | ☐ No<br><br>■ Yes |
| Description of property securing debt: **940 Miners Ridge Court, #1 Incline Village, NV 89450 Washoe County Transferred to ex-wife pursuant to divorce decree. Debtor still on the title though and resides there as a tenant.** | **Transferred to ex-wife Holly Yocum in divorce decree** | |

---

**Part 2:    List Your Unexpired Personal Property Leases**

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name: Description of leased Property: | ☐ No<br><br>☐ Yes |
| Lessor's name: | ☐ No |

Official Form 108        Statement of Intention for Individuals Filing Under Chapter 7        page 1

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy